UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID WAYNE SHARPLEY           CIVIL ACTION NO. 09-cv-1709

VERSUS           JUDGE WALTER

WARDEN, AVOYELLES CORRECTIONAL CENTER           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

    David Wayne Sharpley ("Petitioner") was charged in Bossier Parish with first degree murder. He later pleaded guilty to a charge of aggravated burglary and received the maximum sentence of 30 years. He filed a direct appeal, State v. Sharpley, 960 So.2d 1230 (La. App. 2d Cir. 2007), and post-conviction application. He now seeks federal habeas relief on ineffective assistance of counsel claims that he pursued in the post-conviction process. For the reasons that follow, it is recommended that the petition be denied.

**Relevant Facts**

    Larry Adams was in poor health, could not stand on his own, and needed constant care. Marie Gavrock, age 74, stayed with him 24 hours a day to provide care, take him to doctor appointments, and the like. Brenda Potts had known Mr. Adams for several years and even called him grandpa. Adams sometimes paid Potts to clean his house and yard, and he sometimes gave her and other women money when they claimed to have fallen on hard times.

Mary Adler was at the time the 16-year-old daughter of Ms. Potts. She was hanging out with Petitioner, who is her brother, and a friend named Steven Giddings. Petitioner was looking for money and asked Adler if "old man Larry" kept money in his house. Adler, according to her statement to police, told Petitioner that the elderly man did keep cash in his house, but she asked Petitioner not to mess with Mr. Adams.

Adler and Giddings waited in a nearby park while Petitioner walked to Adams' house. Petitioner knocked on the door. When no one responded, he rang the doorbell several times. Ms. Gavrock came to the door. Petitioner gave her a false name, said his vehicle had broken down nearby, and asked to use the phone. She let him in. He took away a baseball bat she was holding and beat her with his fists. He went through the house and found a wallet on a dresser. Adler told police that Petitioner returned with the wallet, which held $368, and he was bloody.

When Ms. Gavrock was found, most of the bones around her left eye and her sinus cavity were shattered. She also had fractures to her jawbone, and she required a ventilator and intensive care to survive. Her condition did improve, but she died about three months after the attack. The coroner listed her cause of death as a rupture of the heart from a recent heart attack due to ongoing stress from Petitioner's physical assault.

Petitioner was first arrested for aggravated robbery. When Ms. Gavrock, died the State indicted him for first degree murder and notified him of its intent to seek the death penalty. Petitioner was represented by Pamela Smart, an experienced attorney with the Indigent Defender Board. Attorney Smart obtained an opinion from a forensic pathologist that the

cause of death was a rupture of the heart, but secondary to arteriosclerotic cardiovascular disease. The pathologist retained by Smart stated that she did not feel the assault sustained three months earlier was contributory to Gavrock's death.

Ms. Smart then negotiated for Petitioner a plea bargain in which he would plead guilty to aggravated burglary, the State would agree not to seek an enhanced penalty by a habitual offender bill, all other related charges (including first degree murder) would be dropped, and the sentence would run concurrently with a 7.5 year sentence then being served out of Webster Parish for a felon in possession of a firearm. The prosecutor filed a new bill of information for aggravated burglary of an inhabited dwelling, in violation of La. R.S. 14:60, and Petitioner entered a plea of guilty.

Petitioner was 20 years old when he committed the crime. He had only a 10th-grade education, but he had an impressive criminal history. He was cocky and uncooperative during the investigation, and there was evidence he had threatened to slit his mother's throat if she had informed on him. Despite Petitioner's claim that he had matured while in jail for a few years as a pretrial detainee, the judge imposed the maximum sentence of 30 years at hard labor.

**Analysis**

Petitioner argues in his federal petition that counsel rendered ineffective assistance by (1) encouraging him to plead guilty to an amended bill that was not a responsive verdict of his first degree murder indictment and (2) allowing him to plead guilty to aggravated burglary when the record and the victim's statement showed that his misconduct failed to

meet the elements for that crime. To prevail on these claims, Petitioner bears the burden of proving two components, deficient performance and prejudice. Counsel's performance was deficient only if she made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, she was not functioning as the "counsel" guaranteed by the Sixth Amendment. <u>Strickland v. Washington</u>,104 S.Ct. 2052, 2064 (1984). To show prejudice in a guilty plea case "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 106 S.Ct. 366, 370 (1985).

The district attorney was directed to file the entire the state court record, including both the direct appeal documents and the post-conviction application process. He filed the post-conviction decisions and some related papers, but not all documents were filed. The court needs these documents to determine, for example, whether a claim was properly exhausted in the state courts. That cannot be discerned from the district attorney's submissions. Petitioner, however, did submit copies of the post-conviction process (Doc. 8) and they show that he did not include in his state post-conviction application the claim that counsel was ineffective for letting him plead to a charge that was not responsive to first degree murder. Habeas relief may not be granted on a claim unless the applicant has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). There was no proper exhaustion in this claim, and it is too late under La. C. Cr. P. art. 930.8 to raise it now in state court, so the claim is subject to a procedural bar that can be overcome only by

showing cause for the default and prejudice. Jones v. Jones, 163 F.3d 285, 296 (5th Cir.1998). The State has not raised the bar as a defense, but the court does so sua sponte. The objections period that follows this recommendation satisfies due process because it provides an opportunity for Petitioner to make the cause and prejudice showing. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

The claim also lacks merit. The transcript of the guilty plea hearing shows that the judge mentioned that aggravated burglary is not a responsive verdict to first degree murder, and the prosecutor responded that he had a new bill of information that charged aggravated burglary. That bill was filed and given a new case number, and it is to that bill that Petitioner pleaded guilty. That procedure was quite acceptable under Louisiana law. State v. Jackson, 916 So.2d 1015 (La. 2005); State v. Lemon, 923 So.2d 794, 800-01 (La. App. 5th Cir. 2006). There was no incompetence by counsel or prejudice to Petitioner from having pleaded guilty to a crime with a maximum sentence of 30 years – when Petitioner originally faced the death penalty. Counsel obtained what appears to be a very good bargain to plead guilty to a lesser charge and take the death penalty or a natural life sentence off the table for her young client. There is no reason to believe that had counsel mentioned to Petitioner, "By the way, aggravated burglary is not a responsive crime to first degree murder," he would have suddenly insisted on going to trial and risking the death penalty. This claim is meritless.

Petitioner's other Strickland claim is that counsel was ineffective for allowing him to plead guilty to aggravated burglary, which is the "unauthorized entry of any inhabited dwelling" where a person is present, with the intent to commit a felony or any theft therein,

if the offender commits a battery upon on any person while in such place or engages in other specified activities. Petitioner argues that there was no unauthorized entry because the victim allowed him in the home after he gave her a false name, lied that his truck was broken down nearby, and claimed that he needed to use her phone.

The trial court noted this argument but did not specifically address it in its written ruling. The court merely emphasized the significant benefit Petitioner received through the plea bargain and the voluntariness of the plea, and concluded that the record did not reflect any error by counsel. The state appellate court denied a writ application with a brief observation that Petitioner had failed to carry his burden of proving that relief should be granted under the Hill v. Lockhart standard. The Supreme Court of Louisiana denied writs without comment.

If a claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009). "If this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S.Ct. 770, 786 (2011). Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only

"extreme malfunctions" in the state criminal justice system. Id. The standard applies even when a state court's decision is unaccompanied by an explanation or summary in nature. Id. at 784.

It was not noted by the state courts or district attorney, but the Supreme Court of Louisiana has held that a burglar made an unauthorized entry when he gained entry to the victim's home under pretense that he was a police officer. State v. Lozier, 375 So.2d 1333, 1337 (La. 1979). And in State v. Holmes, 5 So.3d 42 (La. 2008) the defendant twice went to a home and attempted to gain entry, the first time by asking to see a certain person and the second by asking to use the telephone, each time intending to kill the occupants if she gained entry. The Supreme Court stated that this showed by clear and convincing evidence that the defendant committed an attempted aggravated burglary. Holmes, 5 So.3d at 85. Accordingly, the record did support guilt of the elements of aggravated burglary. Moreover, Petitioner would have been well advised to enter a plea to almost any crime carrying a maximum sentence of only 30 years, whether he actually committed any of its elements or not, if it would avoid risk of a first degree murder conviction or an habitual offender adjudication. Counsel's performance was not deficient in recommending that Petitioner plead guilty to aggravated burglary. And there is no basis to believe that had counsel explained to Petitioner that he might have an argument that he was not guilty of aggravated burglary because of the unauthorized entry issue, Petitioner would have then rejected the plea bargain and insisted on going to trial for capital murder.

Petitioner obtained what appears to be a good plea bargain. Yet he now attacks his conviction in habeas. Perhaps he believes that if he prevails on habeas he will walk away a free man. That is not how it works. Petitioner would be sent back to Bossier Parish for a new trial, where he might find himself again facing the death penalty, an habitual offender adjudication, or other serious consequences. He is free to continue his habeas process, but he should do so aware of the potential consequences.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of July, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE